**Edward L. VALIGURA, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24441.**

United States Court of Appeals Fifth Circuit.

Oct. 26, 1967.

Edward L. Valigura, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The petition of appellant, a Texas prisoner, for a writ of habeas corpus was denied and this appeal followed. We affirm.

It appears that appellant, represented by court appointed counsel, entered pleas of guilty to one charge of burglary and two charges of forgery and passing checks. He was sentenced to serve consecutive sentences of twelve, seven, and five years for a total of twenty-four years. The state simultaneously dismissed two habitual criminal enhancement to life charges against appellant. There was no appeal.

It was appellant's position in the habeas court that he was deprived of representation by retained counsel of his choice at the time he entered the pleas. The case was determined on a factual basis after a plenary hearing in which appellant was represented by court appointed counsel.

The record discloses that appellant had employed a lawyer to represent him. He had conversed directly while in jail with the prosecutor concerning possible sentences in the event he pleaded guilty. Retained counsel's absence when the pleas were entered is unexplained. The state prosecution had notice of the representation according to appellant's testimony that he asked the prosecutor to get in touch with his lawyer for him. He stated that the prosecutor replied either that " * * * he couldn't get ahold of him, or that he wouldn't notify him." When the cases were called the same prosecutor responded in the negative to the court's inquiry if appellant had counsel and the court appointed a lawyer to represent him. Appellant made no objection whatever to the statement that he had no lawyer nor to being represented by the court appointed lawyer. He did not advise the trial court that he had retained counsel and accepted the services of court appointed counsel. He consulted with court appointed counsel prior to the entry of the pleas. Appellant testified that he advised court appointed counsel that he had a lawyer and asked that he be called. This lawyer testified and could not remember such advice or such a request. Retained counsel read of the pleas in the newspaper, contacted appellant immediately, but decided not to file a motion for new trial. There is no mention of seeking to have the pleas vacated.

We conclude that the findings of fact entered by the District Court in this case are amply supported as is the conclusion reached that appellant was not denied counsel of his choice. His constitutional right in such regard not having been violated, the judgment is

Affirmed.